UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ENGI AHMED KAMEL and AHMED
MOHAMED KAMEL ABOSAMAK,

                    Plaintiffs,

-against-

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, UR JADDOU,
and ALEJANDRO MAYORKAS,

                    Defendants.

23-cv-10490 (AS)

OPINION AND ORDER

---

ARUN SUBRAMANIAN, United States District Judge:

Plaintiffs Engi Kamel and Ahmed Abosamak are married. *See* Dkt. 25 ¶¶ 14–15. Kamel is a United States citizen; Abosamak isn't. *See id.* Abosamak entered the United States with a K-1 visa, the type of visa issued to individuals affianced to a United States citizen. *See id.* ¶¶ 20–21. Kamel and Abosamak wed four days after Abosamak arrived in New York, on February 6, 2019. *See id.* ¶¶ 21–22.

On April 8, 2019, Abosamak applied to adjust his immigration status based on his marriage. *Id.* ¶ 23. USCIS canceled his first interview on February 10, 2020. *Id.* ¶ 24. Then for three more years, the couple lived in limbo. *See id.* ¶¶ 25–31. They filed this suit on November 30, 2023, seeking to compel USCIS to adjudicate Abosamak's application. *Id.* ¶ 32.

USCIS ultimately interviewed Abosamak on May 30, 2024. *See id.* ¶ 35. Abosamak says that before the interview began, USCIS denied him use of his preferred translator and instead required Abosamak to use a translator who spoke a different dialect of Arabic. *See id.* ¶¶ 38–39. During the interview, Abosamak sought to correct several aspects of his application, including portions about an arrest prior to his immigration to the United States and his completion of compulsory military service. *See id.* ¶¶ 36, 47, 51, 53. Abosamak claims that USCIS improperly questioned him about these corrections to sabotage his application; he also says the USCIS-provided translator mangled the answers he gave to USCIS's questions. *See id.* ¶¶ 54–56, 61–63. So Abosamak paused the interview and again asked that he be provided with a translator who spoke his Arabic dialect. *Id.* ¶ 57. When USCIS refused Abosamak's request this time around, he ended the interview. *Id.* Two months later, USCIS denied Abosamak's application. *Id.* ¶ 58.

Kamel and Abosamak claim that USCIS's denial of Abosamak's application was arbitrary and capricious, and that USCIS's refusal to provide Abosamak with an appropriate translator violated the requirements of procedural due process. The couple says that the interview was merely a ruse and USCIS never intended to give Abosamak's application a fair shake, pointing to the multi-year

delay in processing his application and what they claim is a long-standing policy within USCIS to discriminate against Muslim applicants.

Defendants move to dismiss the complaint. Dkt. 28. Among other things, they argue that the Court lacks jurisdiction to review plaintiffs' claims. USCIS's motion to dismiss is GRANTED.

## LEGAL STANDARDS

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it." *Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (internal quotation marks and citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

## DISCUSSION

### I. The Court lacks subject-matter jurisdiction over plaintiffs' claims.

Section 1252 of Title 8 of the U.S. Code "generally grants federal courts the power to review final orders of removal" but "strips courts of jurisdiction for certain categories of removal order." *Wilkinson v. Garland*, 601 U.S. 209, 218 (2024). Section 1252(a)(2)(B), entitled "Denials of discretionary relief," says:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
>
> > (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
> >
> > (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B).

Subparagraph (D) of the same subsection is called "Judicial review of certain legal claims." 8 U.S.C. § 1252(a)(2)(D). This subparagraph provides:

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

*Id.*

There is no dispute that Abosamak's application to adjust his status arose under § 1255, one of the statutes expressly listed in § 1252(a)(2)(B)(i). *See* Dkt. 30 at 11. During the pendency of defendants' motion to dismiss, the Second Circuit issued its decision in *Xia v. Bondi*, 137 F.4th 85 (2d Cir. 2025). In no uncertain terms, the court held that § 1252(a)(2)(B)(i) strips federal courts of jurisdiction to review USCIS's denial of a § 1255 adjustment-of-status application. *See id.* at 90.

In *Xia*, the court started with § 1252's preamble, which "provides that the jurisdictional bar applies 'regardless of whether the judgment, decision, or action is made in removal proceedings.'" *Id.* (quoting 8 U.S.C. § 1252(a)(2)(B)). From there, the court noted that "USCIS is the only entity that can issue an authoritative decision on adjustment applications outside the removal context, and it is therefore the only entity whose decisions on those applications could fall within the scope of the 'regardless' clause of § 1252(a)(2)(B)(i)." *Id.* at 91. The conclusion that § 1252(a)(2)(B)(i)'s jurisdictional bar "necessarily applies to decisions by USCIS" followed. *Id.*

The *Xia* court also looked to the Supreme Court's reasoning in *Patel v. Garland*, 596 U.S. 328 (2022). *See id.* at 91–93. In *Patel*, the Court held that § 1252(a)(2)(B)(i) "precludes judicial review of factual findings that underlie a denial of relief." *Patel*, 596 U.S. at 331. The Court interpreted the statute to "prohibit[] review of *any* judgment *regarding* the granting of relief under § 1255 and the other enumerated provisions." *Id.* at 338. The Court explained that in the context of § 1252, "'any' means that the provision applies to judgments 'of whatever kind' under § 1255, not just discretionary judgments or the last-in-time judgment." *Id.* (citation omitted).

*Xia* and *Patel* squarely foreclose this Court's jurisdiction over plaintiffs' claims. Plaintiffs may point to alleged procedural miscues by USCIS as the reason why relief is warranted, but the relief they are asking for is to vacate USCIS's judgment denying Abosamak's application. Their complaint makes this apparent. *See* Dkt. 25 at 21 (asking the Court to "[m]andate that Defendants immediately reopen and properly adjudicate" Abosamak's adjustment-of-status application); *id.* ¶¶ 1 (challenging the "unreasonable denial" of Abosamak's application), 6–7 (alleging defendants "improperly penalized" Abosamak), 8 (alleging defendants "punitively den[ied]" Abosamak's application), 63 (alleging that "USCIS abused its discretion to penalize" Abosamak).

This is precisely the kind of "review of *any* judgment *regarding* the granting of relief under § 1255 and the other enumerated provisions" that *Xia* and *Patel* flatly prohibit. *Xia*, 137 F.4th at 91 (quoting *Patel*, 596 U.S. at 338). Rebranding plaintiffs' claims as alleging threshold procedural defects can't dodge the jurisdictional hurdle. *See Quezada Palacios v. Bondi*, 2025 WL 1983482, at *3 (2d Cir. July 17, 2025) (no jurisdiction where styling of challenge "is just a smokescreen for the relief [plaintiff was] really seeking," which was review of USCIS's denial of application); *see also Commandant v. Dist. Dir., Miami Dist. (S24), USCIS*, 2024 WL 3565390, at *4–5 (11th Cir. July 29, 2024) (no jurisdiction where the "relief requested in [plaintiffs'] complaint challenges specific results of discrete proceedings"); *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1271 (9th Cir. 2001) (plaintiff may not "circumvent clear congressional intent to eliminate judicial review over discretionary decisions through the facile device of re-characterizing an alleged abuse of discretion

as a 'due process' violation"); *Paredes v. Garland*, 2023 WL 8648830, at *13 (D.D.C. Dec. 14, 2023) (no jurisdiction where plaintiffs' claims were styled as "allegations of agency non-compliance with USCIS' policies" but in effect "challeng[ed] the substance of the agency's discretionary decision-making").

That plaintiffs raise constitutional and legal claims makes no difference. The *Xia* Court specifically rejected the argument that a district court had subject-matter jurisdiction over a challenge raising legal or constitutional challenges to USCIS's denial of an adjustment-of-status application. *See Xia*, 137 F.4th at 93. These sorts of claims must be raised to "an 'appropriate court of appeals,' and only 'upon a petition for review' from a final order of removal." *Id*. (quoting 8 U.S.C. § 1252(a)(2)(D)).

Plaintiffs argue that that jurisdiction still lies under the Second Circuit's decision in *Sanusi v. Gonzales*, 445 F.3d 193 (2d Cir. 2006). *See* Dkt. 34 at 2. It doesn't. *Sanusi* dealt with an IJ's decision to deny a continuance in a proceeding involving Convention-Against-Torture relief from removal, not USCIS's decisions in a case governed by § 1252(a)(2)(B)(i). While the Second Circuit has adhered to *Sanusi* after *Patel* in two later summary orders, both cases, like *Sanusi*, arose in the context of removal proceedings, and in each, the court pointed to the fact that the IJ's decision on the continuance did not relate to the granting or denying of discretionary relief under the statutes listed in § 1252(a)(2)(B)(i). *See Agard v. Garland*, 2024 WL 1433337, at *2 (2d Cir. Apr. 3, 2004) ("[T]he agency's decision did not relate to the granting or denying of discretionary relief in the form of adjustment of status . . . ."); *Toxtega-Olin v. Garland*, 2024 WL 807436, at *2 (2d Cir. Feb. 27, 2024) ("[T]he IJ did not determine the merits of Toxtega-Olin's eligibility for cancellation or that cancellation was not available as a matter of discretion.").

This case is different. First, it arises in the context of USCIS's discretionary denial of relief identified in § 1252(a)(2)(B)(i). Second, the objections here—unlike the grant or denial of a continuance that doesn't touch on the merits—go to the substance of USCIS's decision on Abosamak's application. In effect, plaintiffs claim that the agency relied on faulty evidence and assumptions in denying Abosamak relief. Plaintiffs identify no case permitting a challenge like this one to proceed, especially after *Patel*.

*Patel* made clear that § 1252(a)(2)(B)(i) "does not restrict itself to certain kinds of decisions." 596 U.S. at 338. The Court emphasized the "expansive" reach of the statute's text, noting that it applies to "judgments 'of whatever kind' under § 1255, not just discretionary judgments or the last-in-time judgment." *Id.* And it held that the statute "encompasses not just 'the granting of relief' but also any judgment *relating to* the granting of relief." *Id.* at 338–39. That plainly applies to the kind of challenge raised by plaintiffs. Taken together with the Second Circuit's decision in *Xia*, *Patel* bars jurisdiction over this case.

## CONCLUSION

For the above reasons, defendants' motion to dismiss is GRANTED. The Clerk of Court is directed to terminate Dkt. 28 and close this case.

SO ORDERED.

Dated: August 1, 2025
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge